ACCEPTED
03-14-00535-CV
4373687
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 3:31:14 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00535-CV

In the Third Court of Appeals

Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 3:31:14 PM
JEFFREY D. KYLE
Clerk

**DAVID YOUNG,** *APPELLANT*

*v.*

**TRAILS END HOMEOWNERS ASSOCIATION, INC.; TLS PROPERTIES, LTD.; TLS OPERATING COMPANY, LLC; VAN KEENE; AND RICK DURAPAU**, *APPELLEES*

APPEAL FROM CAUSE NO. D-1-GN-10-003864
200TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS
HON. GISELA D. TRIANA

# EMERGENCY MOTION FOR EXTENSION OF TIME

Stephen Casey
Texas Bar No. 24065015

CASEY LAW OFFICE, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
stephen@caseylawoffice.us

*Counsel for Appellant*
*David Young*

**ORAL ARGUMENT REQUESTED**

## Grounds

1. Appellant requests and extension of time to file Appellant's brief under Texas Rule of Appellate Procedure 10.5.

2. The deadline for the brief is March 4, 2015.

3. On March 3, 2015, at 6:00 p.m., while Counsel was completing the brief in this case, he was contacted for an emergency end-of-life case. Counsel will need two weeks to work on this case, from the restraining order through temporary injunctive relief. A redacted copy of the emergency intervention request is attached as Exhibit 1.

4. As per Exhibit 2, attached, Counsel did reach out, communicate extensively last night between 8 pm and 11 pm on the phone with the new party and other counsels, and was retained to draft/file an emergency application for guardianship. This includes drafting a suit for declaratory relief against the hospital and to coordinating getting emergency relief for today, in addition to filing in the next days emergency subpoenas duces tecum and receiving what experience has shown will be are several thousand pages of medical records. This will heavily impacted the completion and editing time of the brief for last night and today.

5. Due to the time it will take to work on the right-to-life case, an extension is requested for two (2) weeks. Counsel has obtained a local attorney to aid in drafting the emergency case, thus, the brief would now be due on March 18, 2015.

6. No response from the opposing counsels regarding Emergency Motion for Extension of Time has been received due to the quick response needed.

7. This is the third request for an extension.

## Prayer

Appellant prays this Court grant this extension.

Stephen Casey
Texas Bar No. 24065015

Casey Law Office, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
Telephone: 512-257-1324
Fax: 512-853-4098
info@caseylawoffice.us

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 4, 2015, I contacted the opposing counsels on Emergency Motion for Extension of Time. As of this time I have not received any responses from opposing counsels. It would prejudice the client to wait further.

/s/ Stephen Casey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon counsels for Appellees on Wednesday, March 4, 2015, via electronic transmission:

Christopher R. Mugica
Jackson Walker LLP
1000 Congress Avenue, Suite 1100
Austin, TX 78701-4042

Jonathan Quick
720 Brazos St., Ste. 700
Austin, TX 78701-2974

/s/ Stephen Casey

EXHIBIT 1

**From:** **Stephen Casey** caseystep@gmail.com
**Subject:** Re: Urgent End of Life Situation
**Date:** March 3, 2015 at 7:52 PM
**To:** Lynne@[redacted]
**Cc:** Catherine [redacted] Greg [redacted] Joseph [redacted] Joseph P. [redacted]

---

I will reach out to her shortly. The intake has some vague part to it that are
On Mar 3, 2015, at 7:26 PM, Lynne@[redacted] wrote:

> I am leaving for the night now. Please keep me on all emails. Lillian [redacted] can be reached at [redacted] **and** **Lillian**[redacted]
>
> Thanks,
> Lynne
>
> ---
>
> **From:** Catherine [redacted]
> **Sent:** Tuesday, March 03, 2015 5:59 PM
> **To:** Lynne@[redacted]
> **Cc:** Greg [redacted]; Stephen Casey; Joseph E. [redacted]; Joseph P. [redacted]
> **Subject:** Re: Urgent End of Life Situation
>
> I second the apologies - as you know, that's how these often are. I'm also available by cell if you need to call -
> Many blessings, as always,
>
> ---
>
> <image001.png>
>
> Catherine [redacted]
> Litigation Counsel
> [redacted]
> cfoster@[redacted]
>
> ---
>
> On Mar 3, 2015, at 19:51, Lynne[redacted] wrote:
>
> Dear Greg and Stephen,
>
> Is it possible that you can assist with this urgent situation? We would like for you to take lead on this, but if you cannot, we do have some other Allied Attorneys in the San Antonio area but they would likely need a lot of guidance. We have not sent out a general request to other allies yet so we do not have anyone lined up on the ground in San Antonio as of now. Please reply – all - to this email to let us know if you can assist and what you will need from us. You may call Joe [redacted] tonight on his cell, [redacted].
>
> Lillian [redacted] has a 34 year old brother, Walter who is on life support after suffering severe hypoxia due to [redacted] [redacted] Walter is not married. The only family members are Lillian and her mother Carmen [redacted]. There is no living will, advance directive, nor a medical power of attorney. Walter was [redacted] but has been capable of making his own medical decisions up to this point. Doctors are speaking with both Lillian and her mother. He is at [redacted] in San Antonio. Chief Neurologist [redacted] insisted on a cerebral profusion study to determine whether there is blood flow to the brain. They should have the results tonight. They want to do an apnea test within 24 hours after the results of the profusion test. Dr. [redacted] told Lillian that when they do the apnea test, after removing vent, if he does not breathe on their own, by law they cannot put the ventilator back and they will allow him to die. Lillian asked to speak with the medical ethics director yesterday because she was getting conflicting info about the profusion test and was under the impression that the hospital must give them 10 days to find another facility to take him. The ethics director said no, the 10 days doesn't apply here because we're talking about brain death, not some other treatable condition. Lillian wants a second opinion from a doctor not affiliated with this hospital but they are not willing to give her enough time to locate another doctor. The moment Walter

was admitted to the hospital the staff starting talking to Lillian and Carmen about donating his organs. Lillian feels this is why there is a big rush; they will continue to pressure them to donate his organs. Lillian and Carmen want all measures taken to preserve Walter's life and give him a chance. Walter has very strong religious beliefs regarding life. The family needs more time to try and obtain a second medical opinion and possibly seek another hospital to transfer him to. They need an attorney to help them get more time.

Thanks,
Lynne

---

<logo531133>

Lynne
Legal Intake Coordinator

---

PRIVILEGED AND CONFIDENTIAL - ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT.

EXHIBIT 2

**From:** **Lillian** [redacted]
**Subject:** Re: Contact information
**Date:** March 3, 2015 at 11:34 PM
**To:** Stephen Casey [redacted]
**Cc:** Greg [redacted] Margo [redacted]

Yes, I consent to being represented by the Texas Center for Defense of Life.

Thank you so much.

Lillian [redacted]



**From:** **Stephen Casey** [redacted]
**Subject:** Contact information
**Date:** March 3, 2015 at 11:22 PM
**To:** Lillian [redacted]
**Cc:** Greg [redacted], Margo [redacted]

Lillian,
This email is to confirm that Texas Center for Defense of Life has permission to represent you, Lillian, in a guardianship suit to prevent the hospital from removing life-sustaining treatment from your brother against your will as his expected health care guardian. If that is your desire, please respond yes to this email.

Greg [redacted] and Margo [redacted] are copied on this email. To facilitate them communicating with you, your phone number is [redacted] and I expect Margo [redacted]

Have a blessed night,
Stephen

President
Casey Law Office, P.C.
www.caseylawoffice.us

595 Round Rock West Drive, Suite 102
Round Rock, Texas 78681
(512) 257-1324 (office)
(512) 853-4098 (fax)

Transforming Lives Through Justice

---

ATTENTION: receiving, reading and the relaying of this email does not establish an attorney-client relationship unless you have a previously signed a valid attorney-client agreement with our firm. The contents of the foregoing email and any attachments are covered by the Electronic Communications Privacy Act (18 USC 2510 et seq.) and may be CONFIDENTIAL or LEGALLY PRIVILEGED in nature. If you are not the addressee, or this message has been addressed to you in error, you are not authorized to read, copy, download, or distribute this message or any attachments. If you believe you have received this email in error, please notify the sender by return email or call Casey Law Office, P.C., immediately at 512-257-1324.

IRS TAX NOTICE - Circular 230 Disclosure: As provided for in the U.S. Treasury Regulations, any advice relating to federal taxes that is contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any plan or arrangement to avoid penalties under the Internal Revenue Code. This notice also applies to the tax law of the State of Texas, and any other state or locality.